# BURGSIMPSON

## BURG | SIMPSON | ELDREDGE | HERSH | JARDINE PC

### ATTORNEYS & COUNSELORS AT LAW

**COLORADO** 40 Inverness Drive East  Englewood, CO 80112
P: 303.792.5595  F: 303.708.0527
www.burgsimpson.com

**WYOMING**
1135 14th Street
Cody, WY 82414
P: 307.527.7891
F: 307.527.7897

**OHIO**
312 Walnut Street
Suite 2090
Cincinnati, OH 45202
P: 513.852.5600
F: 513.852.5611

**ARIZONA**
2398 E. Camelback Road
Suite 1010
Phoenix, AZ 85016
P: 602.777.7000
F: 602.777.7008

**STEAMBOAT SPRINGS**
465 Anglers Drive, Suite 1A
P.O. Box 880340
Steamboat Springs, CO  80487-8854
P: 970.879.4114
F: 970.879.6964

**NEW MEXICO**
4801 Lang NE
Suite 110
Albuquerque, NM 87019
P: 505.242.1850
F: 505.209.6060

January 29, 2018

<u>VIA CM/ECF</u>

The Honorable Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *O'Sullivan, et al. v. Deutsche Bank AG, et al.,* Case No. 1:17-cv-08709-LTS-GWG

Dear Judge Swain:

On behalf of all Plaintiffs in this lawsuit, we submit this letter-motion for a pre-motion discovery conference pursuant to Local Civil Rule 37.2 because Defendants will not participate in the Rule 26(f) conference. *See* FED.R.CIV.P. 26(f) (requiring the parties to confer "as soon as practicable" to come up with a discovery plan); FED.R.CIV.P. 37(f) (authorizing the court to sanction a party who "fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f)"). Discovery may not commence until the 26(f) conference takes place. *See* FED.R.CIV.P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…."). Defendants' refusal to participate in the conference thus has the effect of forestalling discovery, thereby depriving Plaintiffs of their right to obtain evidence to prove their case and delaying forward movement of this lawsuit. Indeed, Defendants have indicated they will not participate in discovery before the Court rules on their motion to dismiss, which have not yet been filed.

## Background

This lawsuit arises under the Anti-Terrorism Act (18 U.S.C. § 2331 *et seq.*), as recently amended by the Justice Against Sponsors of Terrorism Act (Pub. L. 114-222, Sept. 28, 2016, 130 Stat. 852). The sixty-four Plaintiffs are U.S. soldiers, as well as family members of U.S. soldiers, who were killed or injured by acts of international terrorism while serving in Iraq from

| | | | | | | |
|---|---|---|---|---|---|---|
| Michael S. Burg | Melanie S. Baileyᵛ | Marshall Fogel | Marc C. Johnson | Lisa R. Marks | Jessica Prochaska | **OF COUNSEL** |
| Peter W. Burg | D. Dean Batchelder | Nick D. Fogel | Larry Jones* | Stephan J. Marsh | Meghan C. Quinlivan | Dale J. Coplan, P.C. |
| Hon. Alan K. Simpson* | Nelson P. Boyle | Steven G. Greenlee | Holly Baer Kammerer | Brian K. Matise | Jennifer A. Seidman | Jerry R. Dunn |
| Scott J. Eldredge | Jacob M. Burg | David C. Harman† | Seth A. Katz | Charles R. Mendez | Colin M. Simpson* | Ronald M. Sandgrund |
| David P. Hersh | Stephen J. Burg | James G. Heckbert | Ronda M. Kelso** | Michael C. Menghini | Joseph F. Smith, III | Diane Vaksdal Smith |
| Kerry N. Jardine | John M. Connell | Thomas W. Henderson | Lindsey T. Krause* | Craig S. Nuss | David K. TeSelle | Curt T. Sullan |
| Janet G. Abaray† | David J. Crough | Michael J. Heydt | Kirsten N. Kube | Lewis A. Osterman | Calvin S. Tregre, Jr.† | Scott F. Sullan |
| Scott A. Ambrose** | Kenneth M. Daly† | Mark A. Holmgren⸱ | Mallory J. Mangold◊ | Mari K. Perczak | Leslie A. Tuft | Milward L. Simpson |
| | Jessica L. Derakhshanian | Jennifer S. Jensen* | Penny J. Manship | Jessica L. Powell‡ | | 1897-1993 |
| | | | | | | Joseph J. Branney |
| | | | | | | 1938-2001 |
| | | | | | | Irwin L. Sandler |
| | | | | | | 1945-2006 |

GOOD LAWYERS. CHANGING LIVES.®

STATE LICENSES: Arizona, California, Colorado, Florida, Illinois, Montana, Nebraska, New Jersey, New Mexico, New York, Ohio, Pennsylvania, Texas, Virginia, Wisconsin, Wyoming
*LICENSED only in Wyoming †LICENSED only in Ohio ‡LICENSED only in Kentucky ᵛLICENSED in Ohio and Kentucky
**LICENSED only in Arizona ⸱LICENSED in Arizona and New Mexico ◊LICENSED in Alabama and Mississippi

2003 to 2011 and assisting in the U.N. authorized peacekeeping mission designed to stabilize the country and establish a free and democratic government.

As set forth in the Complaint, Defendants are international banks that engaged in a scheme to violate U.S. economic laws and deceive the federal government in order to launder hundreds of billions of U.S. dollars for Iran, Iranian front companies, foreign terrorist organizations (including Hezbollah, the de facto arm of Iran's military, responsible for supervising and organizing Iranian terrorism in the Middle East[1]), and the on-the-ground terrorists who injured and killed U.S. soldiers, including Plaintiffs. Defendants' illicit conduct led to criminal investigations by federal law enforcement and resulted in Defendants' entering into criminal plea agreements and deferred prosecution agreements. Defendants' conduct makes them civilly liable under the Anti-Terrorism Act and the Justice Against Sponsors of Terrorism Act, which create liability for conspirators and aiders and abettors of international terrorism and were intended by Congress "to provide civil litigants with the broadest possible basis, consistent with the Constitution of the United States, to seek relief against persons, entities, and foreign countries, wherever acting and wherever they may be found, that have provided material support, directly or indirectly, to foreign organizations or persons that engage in terrorist activities against the United States." *See* Complaint, ECF Doc. 1, paragraphs 1-67.

<u>Defendants Are Obligated to Participate in the Rule 26(f) Conference</u>

This case was commenced when the Complaint was filed on November 9, 2017. ECF Doc. 1. On November 28, 2017, a number of Defendants entered into a waiver of service agreement with Plaintiffs. ECF Doc. 52. On December 18, 2017, the parties to the waiver of service agreement jointly moved the Court for an order setting a briefing schedule for Defendants' anticipated motion to dismiss and, following the Court's ruling on the motion, their answers. *Id.* The Court thereafter entered a briefing schedule. ECF Doc. 58.

On January 16, 2018, Plaintiffs' counsel sent an email to defense counsel requesting their availability for a Rule 26(f) conference and setting forth the legal and factual basis for the request. On January 24, Plaintiffs' counsel and defense counsel had a phone call to discuss the matter. On the call, defense counsel indicated Defendants will not participate in a Rule 26(f) conference and will not engage in discovery until after the Court rules on their motion to dismiss.

---

[1] As a *Times* article recently noted:

> Hezbollah is involved in nearly every fight that matters to Iran and, more significantly, has helped recruit, train and arm an array of new militant groups that are also advancing Iran's agenda…. Hezbollah has evolved into a virtual arm of Iran's Islamic Revolutionary Guards Corps, providing the connective tissue for the growing network of powerful militia… The roots of that network go back to the American invasion of Iraq in 2003, when Iran called on Hezbollah to help organize Iraqi Shiite militias that in the coming years killed hundreds of American troops and many more Iraqis.

"Iran Out to Remake Mideast With Arab Enforcer: Hezbollah," *New York Times*, Aug. 27, 2017, available at https://www.nytimes.com/2017/08/27/world/middleeast/hezbollah-iran-syria-israel-lebanon.html (last visited January 28, 2018).

Defendants' position is inconsistent with their obligations under the Federal Rules of Civil Procedure. Rule 26(f)(1) directs the parties to confer "as soon as practicable" to develop a plan for discovery. FED.R.CIV.P. 26(f)(1). The conference is mandatory in all cases, unless the court excuses the conference by order, and sanctions may be imposed on parties for failing to confer in good faith. *See* FED.R.CIV.P. 26(f), 37(f); Advisory Committee Notes to 1980 Amendment of FED.R.CIV.P. 37 ("Rule 26(f) imposes a duty on parties to participate in good faith in the framing of a discovery plan by agreement upon the request of any party. This subdivision authorizes the court to award to parties who participate in good faith in an attempt to frame a discovery plan the expenses incurred in the attempt if any party or his attorney fails to participate in good faith and thereby causes additional expense.").

Following the conference, the parties are required submit to the court a discovery plan and may begin formal discovery. *See* FED.R.CIV.P. 26 ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…."). By refusing to participate in the 26(f) conference, defense counsel have unilaterally foreclosed discovery and prevented the case from moving forward. In fact, defense counsel indicated on the January 24 phone call that their clients will not participate in discovery.

<u>There is No Reason to Excuse Defendants from Their Obligation under the Rules</u>

Because the Federal Rules of Civil Procedure require the parties to confer and develop a discovery plan and then start discovery, the burden is on Defendants to demonstrate why they should be excused from their obligations. *In re WRT Energy Sec. Litig.*, No. 96 CIV. 3610, 1996 WL 580930, at *1 (S.D.N.Y. Oct. 9, 1996) ("Under Federal Rule of Civil Procedure 26(c), the Court is authorized to stay discovery 'for good cause shown.'"). The burden is a high one, as "courts do not generally grant protective orders without a *strong showing* of 'good cause.'" *Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985) (emphasis added). Defendants are unable to make a strong showing of good cause to excuse them from their obligations under the rules.

Defendants made it clear that the basis for their position is their intent to file a motion to dismiss, for which the Court has already set a briefing schedule. But "no federal rule, statute, or binding case law applies here to automatically stay discovery pending a ruling on Defendants' Motion to Dismiss. Filing a Rule 12(b)(6) motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved." *Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-CV-257-B, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014).

Such a stay is the exception, not the rule. *Id. See also In re WRT Energy Sec. Litig.*, 1996 WL 580930, at *1 ("While discovery may in a proper case be stayed pending the outcome of a motion to dismiss, the issuance of a stay is by no means automatic."); *Moran v. Flaherty*, No. 92 Civ. 3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept.25, 1992) ("[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."); *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) ("[I]t is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay."). Had the Federal Rules of Civil Procedure "contemplated an automatic stay

upon the filing of a motion to dismiss, [they] would have so provided." *Moran*, 1992 WL 276913, at *1. They do not.

Denying a stay would be appropriate for reasons explained by Judge McKenna in the case of *In re Chase Manhattan Corp. Securities Litigation,* No. 90 CIV. 6092, 1991 WL 79432, at *1 (S.D.N.Y. May 7, 1991). Defendants filed a motion to stay discovery pending resolution of their motion to dismiss, which Judge McKenna denied because he was "not prepared to find— especially since plaintiffs' response to the motion to dismiss is not yet due on an agreed briefing schedule—that dismissal is inevitable." *Id.* (internal quotation marks omitted). He observed that discovery could actually move the case along toward a speedier resolution:

> Should the complaint (or an amended complaint) be sustained (but nothing contained herein is intended to reflect in any way on this question), commencement of the discovery process, while no doubt imposing some burden on defendants, will advance the ultimate disposition of this action.

*Id.*

Judge McKenna's reasoning has been echoed by others in this court. *See, e.g., Howard v. Galesi,* 107 F.R.D. 348, 350 (denying a stay after "not [being] persuaded that the granting of [the defendant's motion to dismiss] is inevitable"); *In re WRT Energy Sec. Litig.*, 1996 WL 580930, at *1 (denying a stay pending resolution of their motion to dismiss because "the Court cannot conclude on the present record before it that dismissal of the complaint is inevitable"); *Moore v. Painewebber, Inc.*, No. 96 CIV. 6820, 1997 WL 12805, at *1 (S.D.N.Y. Jan. 14, 1997).

Defendants' motion to dismiss has not been filed, so there is no way for the Court to assess its potential merit, let alone to conclude that dismissal of the Complaint is "inevitable."[2]

What is more, a stay would unfairly and unreasonably delay the case. After all, Defendants' motion to dismiss will not be fully briefed until June 1, 2018, which is the deadline for Defendants to file their reply. ECF Doc. 58. Once the briefs are in, the Court will undoubtedly need time to review the briefs, the Complaint, and the law before ruling. A stay would thus delay discovery by seven months (potentially a year or more) after commencement of the case.

Plaintiffs are not at the moment asking for full, unbridled discovery. Plaintiffs are mindful that, consistent with Rule 26(f), the parties can agree "to a discovery plan that stages discovery in a manner that allows for the possibility that the Court's ruling on the Motion to Dismiss could impact the relevant claims and defenses and scope of discovery in this matter, whether by dismissing the Complaint entirely, dismissing some claims, or requiring certain claims or allegations to be re-pleaded." *Escareno*, 2014 WL 1976867, at *2.

---

[2] The fact that Defendants have not yet filed their motion to dismiss may alone be reason to deny a stay. *See Lithgow v. Edelmann*, 247 F.R.D. 61, 63 (D. Conn. 2007) (denying motion to stay discovery partly because defendants had not yet filed their motion to dismiss).

Plaintiffs envision targeted discovery and would be willing to agree to other reasonable limitations at this stage of the litigation. For example, as part of the criminal investigations leading to their deferred prosecution agreements, Defendants produced to law enforcement and regulatory agencies a substantial number of documents, data, and statements, which revealed the scope of their illegal enterprise. These documents are part of the targeted discovery Plaintiffs contemplate. Since Defendants already compiled, copied, and produced these materials, they would suffer no undue burden in having to produce them in this case.

On the January 24 call, Plaintiffs' counsel explained the proposal for limited discovery. The proposal includes requests to produce existing documents in Defendants' possession that are easily reproducible:

- Anti-money laundering policies, procedures, guidelines, and manuals;
- Auditing reports;
- SWIFT messages related to the illegal transactions described in the Complaint;
- Suspicious Activity Reports (SARs), which the banks are required to file with the Financial Crimes Enforcement Network following a suspected incident of money laundering; and
- Corporate structure information.

Plaintiffs also propose: (a) that the parties begin to develop a Plaintiff Fact Sheet that all Plaintiffs would have to fill out to provide basic information about themselves and their claims to the Defendants; and (b) limited subpoenas to third-party entities, including government agencies, in possession of relevant documents. Plaintiffs have already requested those documents—the requests to the government agencies were made pursuant to the Freedom of Information Act. These entities have indicated that they possess enormous amounts of information and material relevant to and supportive of Plaintiff's claims.[3] However, a number of those third parties informed us they will not produce the documents without a subpoena and in fact will not even ensure their preservation (*i.e.*, destruction in the ordinary course of business) without a subpoena. That means potentially case-critical documents might be destroyed unless Plaintiffs are permitted to serve subpoenas. Therefore, at a minimum, Plaintiffs would request permission to serve subpoenas on these third parties to trigger their obligation to preserve, if not produce, the requested documents.

The choice is not binary, between zero and unfettered discovery. There is a middle ground. Unfortunately, because Defendants refuse to even meet and confer under Rule 26(f), the parties have not had the opportunity to discuss ways to craft a compromise that recognizes, on the one hand, the potential impact of the Court's ruling on the motion to dismiss and, on the other hand, Plaintiffs' entitlement to discovery and the potential benefit of early discovery in moving the case toward an expeditious resolution.

Plaintiffs' Counsel Have Exhausted Their Best Efforts to Resolve the Dispute Informally

---

[3] For example, the New York County District Attorney's Office has confirmed that it possesses approximately 2787.08 GB of data, including 9,309,274 separate files containing potential evidence related to this case and derived from its investigation and prosecution of the Defendants. Other regulatory agencies have confirmed the existence of similar amounts of information responsive to Plaintiffs' requests.

As required under Your Honor's Individual Practices Rules, the Local Civil Rules, and the Federal Rules of Civil Procedure, we certify that we have exhausted our best efforts to informally resolve the matter with defense counsel.  Specifically:

- An email was sent to defense counsel on January 16 requesting availability for a Rule 26(f) conference, outlining the proposal for limited discovery, and explaining the parties' obligations to confer as soon as practicable to come up with a discovery plan.
- On January 26, Plaintiffs' counsel and defense counsel had a telephone conference in which Plaintiffs' counsel explained the scope of the targeted discovery.  During the call, defense counsel stated in no uncertain terms that their clients will not participate in the Rule 26(f) conference or in any discovery.

Conclusion

For the reasons set forth above, Plaintiffs respectfully move this Honorable Court for a pre-motion discovery conference to discuss the issues set forth in this letter.

Respectfully submitted,

**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**

Seth A. Katz

Copies to: All counsel of record

6