**MAYER•BROWN**

Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020-1001

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

**Mark G. Hanchet**
Direct Tel +1 212 506 2695
Direct Fax +1 212 849 5695
mhanchet@mayerbrown.com

August 15, 2018

VIA ECF

The Honorable Laura T. Swain
United States District Judge
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *O'Sullivan, et al. v. Deutsche Bank AG, et al.*,
      17-cv-8709 (LTS) (GWG)

Dear Judge Swain:

     We respectfully write on behalf of the Moving Defendants[1] in response to Plaintiffs' August 8, 2018 letter (ECF 151). Plaintiffs urge the Court to disregard Judge Cote's recent decision in *Siegel v. HSBC Bank USA*, which dismissed JASTA aiding and abetting claims analogous to those asserted here. 2018 WL 3611967 (S.D.N.Y. July 27, 2018). In so doing, Plaintiffs misstate the facts of that case, claiming that the *Siegel* complaint "failed to allege that HSBC knew or was even generally aware it was playing a role in terrorism, let alone substantially assisting the terrorist organizations that carried out the bombings" and that the "gravamen of the complaint was that HSBC acted negligently." That is incorrect; the plaintiffs in *Siegel* made just such allegations.[2]

---

[1] The "Moving Defendants" are Deutsche Bank AG; HSBC Bank USA, N.A.; HSBC Holdings plc; HSBC Bank plc; HSBC Bank Middle East Limited; HSBC North America Holdings, Inc.; Commerzbank AG; Commerzbank AG, New York Branch; Barclays Bank PLC; BNP Paribas S.A.; Standard Chartered Bank; The Royal Bank of Scotland N.V. (formerly known as ABN AMRO Bank N.V.); The Royal Bank of Scotland plc; Crédit Agricole Corporate & Investment Bank; and Credit Suisse AG.

[2] *See*, *e.g.,* Third Amended Complaint (ECF 103), 17 cv 6593 (S.D.N.Y.) ¶ 117 ("All HSBC Defendants knew that the transactions passing through the United States and the funds deposited in the accounts established and maintained by it, or otherwise belonging to, disbursed by, or under the control of it, were used to support, encourage, entice and make possible these suicide bombings…"); ¶ 113 ("Despite this knowledge, HSBC chose to provide Al Rajhi Bank with banking services and therefore knowingly and substantially assisted terrorist organizations acquire the U.S. dollars required to carry out their acts of terror."); ¶ 64 ("Each of the Defendants took affirmative steps to conceal from U.S. depository institutions, law enforcement, and counter-terrorism agencies the flow of hundreds of millions of U.S. dollars it was moving through the United States, including transfers for the benefit of al Qaeda and AQI."); ¶ 74 ("the HSBC Defendants aided and abetted terrorist activity by agreeing to alter, falsify, or omit information from payment messages that involved prohibited countries and institutions for the express purpose of concealing financial activities and transactions from detection, scrutiny, or monitoring inside the U.S. by U.S. regulators, law enforcement, and/or depository institutions").

The Honorable Laura T. Swain
August 15, 2018
Page 2

Plaintiffs also fail to address Judge Cote's determinations—which are inconsistent with Plaintiffs' core theory here—that "it is particularly important to focus with care in cases like this on each of the necessary elements to a finding that JASTA has been violated" and that those elements "present a substantial hurdle when one financial institution is accused of having violated the ATA by providing assistance to terrorist organizations through engaging in common commercial banking practices with a foreign financial institution." 2018 WL 3611967 at *5. As in *Siegel*, the failure to plead JASTA's elements, including that "(1) the party whom the defendant aids must perform a wrongful act that causes an injury, (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance, and (3) the defendant must knowingly and substantially assist the principal violation", is fatal to Plaintiffs' claims here. *Id*. at *4.

Plaintiffs also contend that the D.C. Circuit's decision in *Owens v. BNP Paribas S.A.*, which affirmed the dismissal of primary liability ATA claims on the basis of the same proximate causation grounds advanced by Moving Defendants here, supports Plaintiffs' position. Plaintiffs point to the statement in *Owens* that, "[i]f aiding and abetting liability were available under the ATA," the plaintiffs in *Owens* would not have needed to satisfy the ATA's primary liability elements. (ECF 151 at 5.) In Plaintiffs' view, this tautological observation "indicates the [Owens] plaintiffs' case would have fared differently if they could have asserted secondary liability claims against BNP Paribas." *Id*. The *Owens* court did not remotely suggest this, nor could it have done so, since such claims were not before the court. *Owens* thus does not offer any support to Plaintiffs here.

Finally, Plaintiffs seek to deflect attention from *Siegel* and *Owens* in favor of a report and recommendation ("R&R") issued by the magistrate judge in *Freeman v. HSBC Holdings plc*, 14-cv-6601 (ECF 165) (E.D.N.Y.). The R&R is at odds with controlling precedent and the plain language of JASTA, and it is still subject to the *de novo* review of the district court judge, who has set a briefing schedule for objections to the R&R. The R&R is also inconsistent with Judge Cote's decision in *Siegel* and with Magistrate Judge Gorenstein's April 26, 2018 Opinion and Order granting a discovery stay in this case (ECF 118), which properly applied the plain language of JASTA and Second Circuit precedent to conclude that the Moving Defendants "have made a strong showing that they are likely to succeed on their motion to dismiss." *Id*. at 14.

The R&R rests on a statement in the Findings and Purpose section of JASTA that its purpose is to provide civil litigants with the "broadest possible basis" for recovery. But that section does not eliminate the unambiguous statutory requirements of JASTA or create an "alternative" common-law theory of secondary liability under the ATA. *See* Joint Reply Memoranda of Law in Support of Defendants' Motion to Dismiss (ECF 133 at 14-15). Thus, in relying on the Findings and Purpose section of JASTA, the magistrate judge overlooked the requirements in the text of the statute itself—namely, that JASTA secondary liability applies only (1) when the injuries complained of were caused by an act "committed, planned, or authorized" by an officially designated FTO and (2) where the defendant is a person who "'aids and abets, by knowingly providing substantial assistance [to], or who conspires with the person who committed such an act of international terrorism.'" *Linde v. Arab Bank, PLC*, 882 F.3d 314,

The Honorable Laura T. Swain
August 15, 2018
Page 3

320 (2d Cir. 2018) (alteration in original) (quoting 18 U.S.C. § 2333(d)(2)).  For nearly all of the attacks at issue, the *Freeman* plaintiffs failed to identify *any* particular group that "committed, planned, or authorized" the incident, much less a designated FTO.  And for none of the attacks was any defendant alleged to have "conspired with" the "person who committed the act of international terrorism," *i.e.*, the perpetrators of the attack.  The R&R effectively reads out of the statute these express statutory requirements, which preclude the application of secondary liability in that case under the clear language of JASTA.

The R&R also did not correctly apply controlling Second Circuit precedent to the *Freeman* plaintiffs' primary liability claims.  The magistrate judge did not adhere to the standard for proximate causation set forth in *Rothstein v. UBS AG*, 708 F.3d 82 (2d Cir. 2013) and its progeny, or the requirement that defendants must commit acts of international terrorism, as dictated by *Linde*, 882 F.3d at 331.  Perhaps recognizing that the elements of primary liability had not been adequately pled under this precedent, the magistrate judge erroneously concluded that "the Court need not make a determination as to whether plaintiffs can establish primary liability … because of the availability of JASTA-based conspiracy."  *See* R&R at n.40.  In fact, the *Freeman* complaint failed to plead non-conclusory facts sufficient to satisfy *either* primary *or* secondary liability.

The bank defendants in the *Freeman* action will be addressing these legal errors in objections set to be filed in that action on August 31.

Respectfully submitted,

/s/  Mark G. Hanchet

Mark G. Hanchet

*Counsel for Defendants HSBC Bank USA, N.A., HSBC Holdings plc, HSBC Bank plc, HSBC Bank Middle East Limited and HSBC North America Holdings, Inc.*

cc:     Counsel of Record (via ECF)