UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

TIMOTHY O'SULLIVAN et al.,

      Plaintiffs,

  -v-                                No.  17 CV 8709-LTS-GWG

DEUTSCHE BANK AG et al.,

      Defendants.

-------------------------------------------------------x

ORDER

      Plaintiffs bring this action for civil liability pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2333 ("ATA"), and the Justice Against Sponsors of Terrorism Act, Pub. L. 114-222, Sept. 28, 2016, 130 Stat. 852 ("JASTA").  On February 7, 2018, Defendants filed a motion to stay discovery pending resolution of their motion to dismiss.  (Docket entry no. 94.)  Magistrate Judge Gorenstein granted Defendants' motion on April 26, 2018.  (Docket entry no. 118.)  Judge Gorenstein found there was good cause to stay discovery pursuant to Federal Rule of Civil Procedure 26(c) because Defendants had made a strong showing that they are likely to succeed on their motion to dismiss, because the breadth of the requested discovery would pose a significant burden on both Defendants and third parties, and because Plaintiffs would not be significantly prejudiced by a stay of discovery.  (Id. at 10, 12, 15-19.)  Plaintiffs timely objected to Judge Gorenstein's April 26, 2018, Opinion and Order granting Defendants' motion to stay discovery.  (Docket entry no. 120, the "Objection.")  The Court has considered carefully the parties' arguments and submissions in connection with Plaintiffs' Objection and, for the following reasons, the Objection is overruled.

Section 636(b)(1)(A) of Title 28 of the U.S. Code authorizes a magistrate judge to hear and determine non-dispositive pretrial matters and further provides that, upon a timely objection, a district judge "may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  See 28 U.S.C.S. § 636(b)(1)(A) (LexisNexis 2017).  Similarly, Federal Rule of Civil Procedure 72(a) provides that, following a party's timely objection to a magistrate judge's order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).

Plaintiffs primarily object to Judge Gorenstein's determination that Defendants have made a strong showing that they are likely to succeed on the merits of their motion to dismiss.  Plaintiffs argue that Judge Gorenstein misapplied Rothstein v. UBS AG, 708 F.3d 82 (2d Cir. 2013), O'Neill v. Al Rajhi Bank, 714 F.3d 118 (2d Cir. 2013), and other relevant case law when reasoning that Defendants had made a strong showing with respect to the strength of their motion to dismiss.  Plaintiffs' Objection essentially reiterates their arguments in opposition to Defendants' motion to dismiss, which is currently pending before this Court.  The Objection does not demonstrate that Judge Gorenstein's assessment of the strength of Defendants' motion to dismiss was clearly erroneous or contrary to law in the context of his decision to stay discovery.  Plaintiffs' Objection is accordingly overruled.  This Order resolves docket entry no. 120.

SO ORDERED.

Dated: New York, New York
August 20, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge