**DISTRICT ATTORNEY**
COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

October 24, 2018

[BY ECF & FACSIMILE]

Honorable Gabriel W. Gorenstein
U.S. Magistrate Judge, Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Timothy O'Sullivan, et al. v. Deutsche Bank AG, et al.*,
            17 Civ. 08709 (LTS-GWG)

Dear Judge Gorenstein:

    I represent the New York County District Attorney's Office (hereafter "DANY"), in connection with the Court's 2018 Orders of July 20th [ECF 149] and October 12th [ECF 169], providing third-parties an opportunity to be heard on Plaintiffs' motion for a preservation order against certain nonparty government agencies, including DANY [ECF 129].[1] In accordance with Your Honor's individual practice rules, I respectfully submit this letter, along with two exhibits, in opposition to the proposed preservation order as it pertains to DANY. For the reasons set forth below, I submit that the proposed order is overly broad, unduly burdensome, and unnecessary.

---

[1] The original Order was served on DANY's motions room, on or about August 3, 2018. Since it was not related or identified to any specific criminal matter or investigation, it's routing within the office is unknown. In any event, it did not make its way to the Special Litigation Bureau, which is responsible for handling civil discovery matters. Actual notice was subsequently provided by Chris Dyer to Assistant District Attorney, Maureen O'Connor, the Deputy Bureau Chief of the Special Litigation Bureau, on or about October 16th.

Initially, whether a preservation order issued upon a nonparty is a provident exercise of the court's inherent authority depends, in part, upon a showing that "a real danger of evidence destruction exists" and "a lack of any other available remedy." *Treppel v. Biovail Corp.,* 233 F.R.D. 363, 370 (S.D.N.Y. 2006) (citation omitted).

Plaintiffs' motion fails on both prongs. First, federal statutes cited by Plaintiff regarding disposal of records do not apply to DANY. *See* ECF 130 p. 7. Unlike civil government agencies, a criminal prosecutor's office, such as DANY, does not routinely destroy or dispose of its records in the regular course of business.[2] The preservation and retention requirements of criminal prosecution records, to which DANY is subject, is set out in New York Judiciary Law §89(2) [EXH A]. At a minimum, such records must be retained for 25 years; and thereafter, may be destroyed only by court order upon a showing that retention "would serve no legal, practical or useful purpose." *Id.* However, permanent records of criminal cases may never by destroyed. *Id.*

Nor is there any "problematic prior history of evidence preservation" by DANY, as suggested by Plaintiffs.[3] In fact, none of the examples of prior mishandling or destruction of records alleged by Plaintiffs pertain to DANY.[4] *Capricorn Power Co. v. Siemens Westinghouse Power Corp.,* 220 F.R.D. 429, 434 (W.D. Pa. 2004)("the absence of any significant past, present or future threat to the continuing integrity or existence of the evidence" is a necessary component in the determination whether to grant or deny a preservation order). Thus, Plaintiffs have failed to show any "real threat" of destruction, "imminent" or otherwise, as it applies to DANY.

Second, it is simply not the case that a preservation order is the *only* way to preserve potential evidence during the stay of discovery. For example, Plaintiffs fail to explain why a preservation letter to DANY would be insufficient.

---

[2] Only the hard copy of case files of misdemeanors and violations disposed of at Criminal Court arraignment are disposed of after being scanned and stored electronically.

[3] To the extent Plaintiffs' retention chart, EXH B [ECF 130-2], suggests that there is an "immediate" destruction option that applies here, it misstates the law. *See* N.Y. C.L.S. § Jud 89(2) [EXH. A]. Note: The New York Office of Court Administration's website for court records retention rules, also referenced therein, permit destruction upon disposition of only criminal court rapsheets, local dismissal log books, juror id cards, and scheduling cards. *See* http://ww2.nycourts.gov/sites/default/files/document/files/2018-03/SUPERIORCRIMINAL.pdf.

[4] Plaintiffs' footnote reference to a 2016 City Limits article and quote, which Plaintiffs mistakenly attribute to DANY, refers to a <u>different</u> government agency (the Bronx County District Attorney's Office). *See* ECF 130, FN 11; ECF 141, p. 7. The only part of the article referencing DANY, describes a FOIL request for records in a case with a pending appeal [EXH B]. Notably, the records in question were not lost or destroyed.

Two additional required factors to be considered by the Court, include the breadth of the order and extent of the burden imposed upon the nonparty. *Biovail Corp.*, 233 F.R.D. at 372. Here, too, Plaintiffs' motion fails.

Plaintiffs' motion purports to "limit discovery" to conduct within the confines of the Complaint [ECF 1] and the scope of this order within "narrow and relevant topics" as set forth in Plaintiffs' Exhibit A [ECF 130-1]. *See generally*, Plaintiffs' submissions ECF 91, p. 5; ECF 130, p. 2; ECF 141. Yet, said applicable enforcement actions chart [ECF 130-1] which nonparty agencies are expected to use as a guide is ambiguous and inconsistent. For example, in one instance, it lists a DANY Plea Agreement with Defendant Bank BNP Paribas, however the Complaint and footnote cited therein does not mention DANY. *See* ECF 130-1, p. 1, row 7. In another instance, DANY is not listed at all on the chart in connection with a Deferred Prosecution Agreement ("DPA") with Defendant Bank Credit Suisse, even though it is referenced in the Complaint. *See id.* at p. 3, row 5; ECF 1, p. 450, para. 2303.[5] And, cryptic footnote references to DANY's possession of boxes offer no more clarification. *See e.g.,* ECF 130, p. 11, FN 24. This ambiguity and inconsistency undermines Plaintiffs' claim that the proposed order is "appropriately constrained." *See* ECF 141, p. 6, para. 2.

As a nonparty, DANY should not have to sift thru multiple court filings in an attempt to decipher which investigation(s) or prosecution(s) and which bank(s) records Plaintiffs seek to preserve. As it stands, the proposed order is unduly expansive and burdensome. As noted by Your Honor in granting the stay of discovery, "this burden would likely be particularly onerous on the third parties plaintiffs seek to subpoena, any of which are government agencies with limited resources." *O'Sullivan v. Deutsche Bank AG*, 2018 U.S. Dist. LEXIS 70418* (17 Civ. 8709 (LTS)(GWG)(U.S. Dist. Ct. S.D.N.Y. April 26, 2018).

Moreover, at least one defendant bank has in the past provided hardcopies of the same records to multiple agencies, including DANY; so those records cannot be claimed to be unique or unavailable from any other source. *See* Defendants' Memorandum of Law In Support of Motion to Stay Discovery [ECF 95, p. 13]. In this regard, Plaintiffs have failed to demonstrate that the requested preservation order is not unduly burdensome. *Biovail Corp.*, 233 F.R.D. at 372.

---

[5] The DANY "DPA" with Credit Suisse is also referenced and included in other court filings. *See e.g.,* Defense Submissions ECF 95, p. 13; ECF 96 and ECF 96-3.

3

In sum, DANY, a nonparty state government agency, does not routinely destroy case file records or evidence obtained during the course of an investigation or prosecution. Thus, Plaintiffs' position that the proposed order is "appropriately constrained" and necessary to prevent "imminent destruction" of "highly relevant evidence" is simply untenable.

Thank you for your consideration.

Respectfully submitted,

Robin McCabe
Assistant District Attorney
*Counsel for New York County District Attorney's Office*
(212) 335-9243

To: All Parties (by ECF)
Courtesy Copy to Court (by Facsimile)