

KIMBERLY LAMBERT ADAMS | JOSHUA R. HARRIS | CHRISTOPHER G. PAULOS | OF COUNSEL:
BRIAN H. BARR | FREDRIC G. LEVIN | EMMIE J. PAULOS | WILLIAM F. CASH III
MICHAEL C. BIXBY | MARTIN H. LEVIN | A. RENEE PRESTON | LAURA S. DUNNING
M. ROBERT BLANCHARD | ROBERT M. LOEHR | ROBERT E. PRICE | *(LICENSED ONLY IN ALABAMA)*
BRANDON L. BOGLE | STEPHEN A. LUONGO | MARK J. PROCTOR | BEN W. GORDON, JR.
W. TROY BOUK | M. JUSTIN LUSKO | TROY A. RAFFERTY | ARCHIE C. LAMB, JR.
WESLEY A. BOWDEN | NEIL E. McWILLIAMS, JR. | MATTHEW D. SCHULTZ | PAGE A. POERSCHKE
VIRGINIA M. BUCHANAN | CLAY MITCHELL | W. CAMERON STEPHENSON | *(LICENSED ONLY IN ALABAMA)*
JEFF GADDY | PETER J. MOUGEY | THOMAS A. TAYLOR | CHRISTOPHER V. TISI
RACHAEL R. GILMER | DANIEL A. NIGH | REBECCA K. TIMMONS | *(LICENSED ONLY IN WASHINGTON, D.C.*
BRENTON J. GOODMAN | TIMOTHY M. O'BRIEN | BRETT VIGODSKY | *AND MARYLAND)*
  | MIKE PAPANTONIO | |
  | | | LEFFERTS L. MABIE, JR. (1925-1996)
  | | | D.L. MIDDLEBROOKS (1926-1997)
  | | | DAVID H. LEVIN (1928-2002)
  | | | STANLEY B. LEVIN (1938-2009)

October 14, 2019

<u>VIA CM/ECF</u>
The Honorable Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *O'Sullivan, et al. v. Deutsche Bank AG, et al.*, Case No. 1:17-cv-8709-LTS-GWG

Dear Judge Swain:

Plaintiffs write in response to Defendants' September 26, 2019 letter regarding the recent Memorandum Decision and Order by Judge George B. Daniels of the Southern District of New York in *Kaplan, et al. v. Lebanese Canadian Bank, SAL*, No. 08 Civ. 7253 (S.D.N.Y., Sep. 20, 2019) ("*Opinion*"). Plaintiffs' Proposed Amended Complaint does ***not***—as Defendants claim—suffer from the same defects as the Second Amended Complaint in *Kaplan*.

As to the conspiracy claim, the court ruled that the plaintiffs failed in their short, 31-page Second Amended Complaint, to provide any "factual basis" to support the allegation of an "unlawful agreement between Defendant and Hizbollah." Slip Op. at 11. Here, by contrast, Plaintiffs' Proposed Amended Complaint provides a robust factual basis—supported by four sworn declarations—to demonstrate Defendants' agreement to play an important role in international terrorism with Foreign Terrorist Organizations, including Hezbollah. *See* Memo. in Support of Mtn for Leave to Amend, Doc. 198, pp. 19-23. The declarations, in conjunction with the factual allegations in the Proposed Amended Complaint, far exceed what was pled in *Kaplan* and plausibly demonstrate Defendants knew and understood their critical "role in terror financing," which (unlike the defendant in *Kaplan*) included doing more than providing routine financial services. *Id.* at p. 23.

As to the aiding-and-abetting claim, the court in *Kaplan* held that the plaintiffs had failed to adequately plead the "general awareness" element of that claim, which requires allegations that the bank was generally aware it was playing a "role" in the terrorist organizations' violent activities. Slip Op. at 12-13. This was because the plaintiffs failed to adequately allege really anything more than the bank's negligent failure to perform due diligence on its customers. *Id*. at 13. The plaintiffs also failed to adequately plead the "assistance" element of aiding and abetting:

**The Honorable Laura Taylor Swain**
Re: *O'Sullivan, et al. v. Deutsche Bank AG, et al.,* Case No. 1:17-cv-8709-LTS-GWG
October 14, 2019
Page 2

"[A]lthough Plaintiffs assert that Defendant processed millions of dollars' worth of wire transfers through the LCB accounts, Plaintiffs do not plausibly allege that Hizbollah received any of those funds or that Defendant knew or intended that Hizbollah would receive the funds." *Id.* at 14. Plaintiffs' Proposed Amended Complaint does not suffer from these deficits. Rather, it contains non-conclusory allegations "demonstrating Defendants' general awareness [that] they were intentionally undertaking a role in Iran's material support for terrorism" and were providing "substantial assistance" to "the Iranian banks and their customers in transferring money, weapons, and supplies to" Foreign Terrorist Organizations, including processing illegal wire transfers and other financial transactions (including letters of credit) totaling hundreds of billions of dollars for the terrorist organizations and facilitating the illegal shipment of the exact equipment needed by the terrorists to manufacture the terrorist weapons (such as the signature Iranian weapon of mass destruction, the Explosively Formed Penetrators). *See* Memo. in Support of Mtn for Leave to Amend, Doc. 198, pp. 10-18.

The *Kaplan* decision was a narrow decision focused almost exclusively on the lack of non-conclusory allegations in the plaintiffs' remarkably short Second Amended Complaint. This stands in sharp contrast to Plaintiffs' highly detailed factual allegations in their Proposed Amended Complaint, which runs over five-hundred pages and is supported by four sworn declarations. Defendants are wrong and misguided in their suggestion that the Proposed Amended Complaint bears a meaningful resemblance to the operative complaint in *Kaplan*, which simply did not include the necessary detail provided in Plaintiffs' Proposed Amended Complaint, which does plausibly plead liability under JASTA.

Respectfully submitted,

Christopher G. Paulos

cc:
Hon. Gabriel W. Gorenstein via U.S. Mail and ECF
All Counsel via ECF