UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIMOTHY O'SULLIVAN, et al.,

                Plaintiffs,

     -against-

DEUTSCHE BANK AG; HSBC BANK
USA, N.A.; HSBC HOLDINGS Plc; HSBC
BANK Plc; HSBC BANK MIDDLE EAST
LIMITED; HSBC NORTH AMERICA
HOLDINGS, INC.; COMMERZBANK AG;
COMMERZBANK AG, NEW YORK
BRANCH; BARCLAYS BANK Plc; BNP
PARIBAS S.A.; STANDARD CHARTERED
BANK; THE ROYAL BANK OF
SCOTLAND N.V.; THE ROYAL BANK OF
SCOTLAND PLC; CRÉDIT AGRICOLE
S.A.; CRÉDIT AGRICOLE CORPORATE &
INVESTMENT BANK; CREDIT SUISSE
AG; and BANK SADERAT Plc,

              Defendants.

17-cv-08709-LTS-GWG

---

**DISMISSED DEFENDANTS' MEMORANDUM
OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR
PARTIAL FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)**

June 11, 2020

# TABLE OF CONTENTS

Page

BACKGROUND ........................................................................................................... 3

ARGUMENT ................................................................................................................. 4

I.    The Court Should Deny Plaintiffs' Request To Certify the Order as a Partial Final
      Judgment Pursuant to Rule 54(b) .......................................................................... 4

      A.    The Dismissed Claims Are Not Separable from the Remaining Claims ............... 6

      B.    There Is No Good Reason To Enter a Partial Final Judgment ............................. 8

            1.    Entering Judgment Now on the Claims Against the
                  Dismissed Defendants Would Not Enhance Judicial
                  Administration or Efficiency ..................................................................... 8

                  a.    Certifying the Order Will Lead to Duplicative Appeals ................. 8

                  b.    Plaintiffs' Claims Are Not Novel or of Great
                        Public Importance ...................................................................... 13

            2.    There Is No Danger of Hardship or Injustice That Supports an
                  Immediate Appeal ................................................................................... 15

                  a.    Denying Plaintiffs' Motion Will Not Create the
                        Sort of Hardship That Rule 54(b) Is Intended To Prevent ........... 16

                  b.    Denying Plaintiffs' Motion Will Not Cause Injustice ................... 17

II.   If the Court Grants Plaintiffs' Motion, It Should Stay the Remainder of this Case
      in this Court ......................................................................................................... 18

CONCLUSION ............................................................................................................ 21

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acumen Re Mgmt. Corp.* v. *Gen. Sec. Nat. Ins. Co.*,
   769 F.3d 135 (2d Cir. 2014)...................................................................................5, 6

*Adrian* v. *Yorktown*,
   210 F. App'x 131 (2d Cir. 2006) .........................................................................15

*Arar* v. *Ashcroft*,
   2006 WL 1875375 (E.D.N.Y. July 5, 2006).....................................................7, 14

*Bakken Res., Inc.* v. *Edington*,
   2018 WL 1353271 (S.D.N.Y. Mar. 15, 2018) .......................................................19

*Baumgarten* v. *Suffolk Cty.*,
   2014 WL 4175793 (E.D.N.Y. Aug. 19, 2014).......................................................18

*Bonaparte* v. *Polishuk*,
   2007 WL 632543 (E.D.N.Y. Feb. 26, 2007)..........................................................9

*Catskill Mountains Chapter of Trout Unlimited, Inc.* v. *EPA*,
   630 F. Supp. 2d 295 (S.D.N.Y. 2009).....................................................................20

*Citizens Accord, Inc.* v. *Rochester*,
   235 F.3d 126 (2d Cir. 2000)...............................................................................4, 18

*Curtiss-Wright Corp.* v. *Gen. Elec. Co.*,
   446 U.S. 1 (1980)............................................................................... *passim*

*Estate of Heiser* v. *Deutsche Bank Tr. Co. Ams.*,
   2012 WL 2865485 (S.D.N.Y. July 10, 2012) .......................................................11

*Finn* v. *Barney*,
   2008 WL 5215699 (S.D.N.Y. Dec. 8, 2008) ..................................................20, 21

*Fogarazzo* v. *Lehman Bros., Inc.*,
   263 F.R.D. 90 (S.D.N.Y. 2009) ...........................................................................11

*Freeman* v. *HSBC Holdings plc*,
   413 F. Supp. 3d 67 (E.D.N.Y. 2019) ..................................................................1, 7

*Fried* v. *Lehman Bros. Real Estate Assocs. III, L.P.*,
   2012 WL 252139 (S.D.N.Y. Jan. 25, 2012) .........................................................12

Page(s)

*General Accident Ins. Co. of Am.* v. *J.K. Chrysler Plymouth Corp.*,
    139 F.R.D. 585 (E.D.N.Y. 1991) .....................................................................................17

*Gesualdi* v. *Quadrozzi Equip. Leasing Corp.*,
    629 F. App'x 111 (2d Cir. 2015) ................................................................................6, 9

*Gidatex, S.r.L.* v. *Campaniello Imports, Ltd.*,
    73 F. Supp. 2d 345 (S.D.N.Y. 1999)............................................................................13

*Ginett* v. *Comput. Task Grp., Inc.*,
    962 F.2d 1085 (2d Cir. 1992).........................................................................................8

*Grand River Enters. Six Nations, Ltd.* v. *Pryor*,
    2004 WL 2480433 (S.D.N.Y. Nov. 3, 2004)..................................................................4

*Harman* v. *City of New York*,
    1997 WL 76509 (S.D.N.Y. Feb. 24, 1997)..................................................................16

*Hogan* v. *Consol. Rail Corp.*,
    961 F.2d 1021 (2d Cir. 1992).........................................................................................5

*Hoover* v. *HSBC Mortg. Corp. (USA)*,
    2014 WL 12781322 (N.D.N.Y. July 9, 2014) .............................................................20

*Hudson River Sloop Clearwater, Inc.* v. *Dep't of Navy*,
    891 F.2d 414 (2d Cir. 1989).............................................................................13, 14, 15

*In re Air Crash at Belle Harbor, New York on Nov. 12, 2001*,
    490 F.3d 99 (2d Cir. 2007)..........................................................................................4, 5

*In re Bayou Hedge Fund Litig.*,
    2007 WL 2363622 (S.D.N.Y. Aug. 16. 2007) ..............................................................7

*In re Blech Sec. Litig.*,
    1997 WL 20833 (S.D.N.Y. Jan. 21, 1997) .................................................................16

*In re Gentiva Sec. Litig.*,
    2 F. Supp. 3d 384 (E.D.N.Y. 2014) ...............................................................................8

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
    2015 WL 10793131 (S.D.N.Y. Aug. 13, 2015)..........................................................10

*In re Literary Works in Elec. Databases Copyright Litig.*,
    2001 WL 204212 (S.D.N.Y. Mar. 1, 2001) ...............................................................12

*In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*,
    2015 WL 13680366 (S.D.N.Y. Feb. 23, 2015)......................................................5, 15

Page(s)

*Linde* v. *Arab Bank, PLC*,
  882 F.3d 314 (2d Cir. 2018)..................................................................................14

*Litton Indus., Inc.* v. *Lehman Bros. Kuhn Loeb Inc.*,
  1989 WL 162315 (S.D.N.Y. Aug. 4, 1989) ...........................................................16

*Mason Tenders Dist. Council Welfare Fund* v. *Spray Force Sys. Inc.*,
  2018 WL 3407701 (S.D.N.Y. June 25, 2018) ........................................................7

*Negrete* v. *Citibank, N.A.*,
  2017 WL 2963494 (S.D.N.Y. July 11, 2017) .................................................11, 18

*New York ex rel. Khurana* v. *Spherion Corp.*,
  2018 WL 3046514 (S.D.N.Y. June 30, 2018) ........................................................8

*Novick* v. *AXA Network, LLC*,
  642 F.3d 304 (2d Cir. 2011)..................................................................................11

*O'Neill* v. *Al Rajhi Bank (In re Terrorist Attacks on Sept. 11, 2001)*,
  714 F.3d 118 (2d Cir. 2013)..................................................................................14

*Presbyterian Church of Sudan* v. *Talisman Energy, Inc.*,
  2006 U.S. Dist. LEXIS 86609 (S.D.N.Y. Dec. 1, 2006) ......................................18

*Rothstein* v. *UBS AG*,
  708 F.3d 82 (2d Cir. 2013)....................................................................................14

*RxUSA Wholesale, Inc.* v. *Steel City Pharm., LLC*,
  2009 WL 10702521 (E.D.N.Y. Mar. 30, 2009).....................................................17

*Shrader* v. *Granninger*,
  870 F.2d 874 (2d Cir. 1989)....................................................................................4

*Siegel* v. *HSBC N. Am. Holdings, Inc.*,
  933 F.3d 217 (2d Cir. 2019)..................................................................................14

*TADCO Const. Grp. Corp.* v. *Dormitory Auth. of New York*,
  2012 WL 3011735 (E.D.N.Y. July 23, 2012)..........................................................9

*United Bank of Kuwait PLC* v. *Enventure Energy Enhanced Oil Recovery
  Assocs.-Charco Redondo Butane*,
  763 F. Supp. 729 (S.D.N.Y. 1990) .........................................................................9

The Dismissed Defendants[1] respectfully submit this memorandum of law in opposition to Plaintiffs' motion for partial final judgment pursuant to Fed. R. Civ. P. 54(b).

Plaintiffs seek to take an immediate appeal from this Court's February 25, 2020 Order dismissing all claims asserted against the Dismissed Defendants ECF No. 227 (the "Order"), even though their claims against the remaining defendant, Bank Saderat Plc ("Bank Saderat"), are still unresolved. Plaintiffs fail to acknowledge, however, that those claims remain unresolved only as a consequence of their own delay in pursuing Bank Saderat. The Clerk of the Court entered a certificate of default against Bank Saderat *more than two years ago* for its failure to appear in this case, yet Plaintiffs have done nothing during that entire period to pursue their claims or a judgment against Bank Saderat. And Plaintiffs' request to pursue a piecemeal appeal is particularly ill-conceived because the complaint's claims against Bank Saderat are based on the same statutes, and attempt to address allegedly similar activities, as the dismissed claims against the Dismissed Defendants.

In addition, Judge Pamela Chen in the Eastern District of New York has dismissed, with prejudice, largely overlapping claims against a group of bank defendants—which included almost all of the Dismissed Defendants here *and Bank Saderat*—for failure to state a claim in *Freeman* v. *HSBC Holdings plc*, No. 14-cv-06601 (E.D.N.Y.) ("*Freeman*"). *See Freeman*, 413 F. Supp. 3d 67, 80 n.18, 99 (E.D.N.Y. 2019) (granting motion to dismiss); *see also* Oct. 28, 2019 Minute Order (denying plaintiffs' motion for partial reconsideration). That dismissal order is currently on appeal

---

[1]      The "Dismissed Defendants" are Deutsche Bank AG; HSBC Bank USA, N.A.; HSBC Holdings plc; HSBC Bank plc; HSBC Bank Middle East Limited; HSBC North America Holdings, Inc.; Commerzbank AG; Commerzbank AG, New York Branch; Barclays Bank PLC; BNP Paribas S.A.; Standard Chartered Bank; The Royal Bank of Scotland N.V. (f/k/a ABN AMRO Bank N.V.); The Royal Bank of Scotland plc; Crédit Agricole Corporate & Investment Bank; Crédit Agricole S.A.; and Credit Suisse AG.

to the Second Circuit and is fully briefed.  *See Freeman* v. *HSBC Holdings plc*, No. 19-3970 (2d Cir. 2019).[2]  If this Court were to enter the requested partial final judgment as to the Dismissed Defendants and then dismiss the claims against Bank Saderat, as was done in *Freeman*, then there may well be piecemeal appeals in this case—precisely the result Rule 54(b) is intended to avoid.

Moreover, enabling Plaintiffs to appeal the Order now, based on entry of a partial final judgment, would immediately generate a second appeal to the Second Circuit with issues that are substantially duplicative of those addressed in the fully briefed *Freeman* appeal.[3]  All agree that the dismissed *Freeman* complaint contains substantially similar allegations and overlapping legal theories and claims against many of the same defendants, including Bank Saderat, as the dismissed complaint here.  Sending a partial appeal of this action to the Second Circuit, when a decision in *Freeman* is virtually certain to have an impact on this case by providing guidance for any appeal Plaintiffs may take, would not serve the interests of judicial or party economy that Rule 54(b) is designed to promote.  Nothing about this case overcomes the strong presumption against piecemeal appeals.  Indeed, the pendency of the *Freeman* appeal is a reason for this action to remain before this Court.

Alternatively, if the Court is inclined to grant Plaintiffs' motion, the Dismissed Defendants ask that all further proceedings in this Court be stayed (or at least further proceedings involving the Dismissed Defendants) pending resolution of Plaintiffs' proposed appeal, so the Dismissed

---

[2]     Bank Saderat appeared and filed a motion to dismiss in *Freeman*.  ECF Nos. 116, 118 in *Freeman*, No. 14-06601 (E.D.N.Y.).  Bank Saderat did not oppose or otherwise participate in proceedings on the *Freeman* plaintiffs' motion for partial reconsideration, and has not filed a brief as part of the *Freeman* appeal before the Second Circuit.

[3]     There also are other ATA/JASTA cases with appeals pending before the Second Circuit. *See infra* at 14-15.

Defendants are spared from having to participate in simultaneous proceedings in this case in both this Court and the Second Circuit.[4]

## BACKGROUND

This is one of several cases filed in this District and other federal courts across the country seeking to hold financial institutions liable under the ATA, as amended by JASTA.  Plaintiffs commenced this action on November 9, 2017.  ECF No. 1.  In 2018, all Defendants except Bank Saderat appeared and made motions to dismiss the complaint for failure to state a claim, which the Court granted in March 2019 without prejudice to Plaintiffs' moving to amend.  On February 25, 2020, this Court issued its Order denying Plaintiffs' motion for leave to file an amended complaint and dismissing with prejudice Plaintiffs' original complaint against all Defendants except Bank Saderat.  ECF No. 227.

Bank Saderat is named as a defendant in three of the claims in Plaintiffs' complaint:  the First Claim for Relief (primary liability under the ATA), the Fifth Claim for Relief (conspiracy), and the Seventh Claim for Relief (aiding and abetting).  More than two years ago, on May 17, 2018, the Clerk of the Court entered a certificate of default against Bank Saderat.  ECF No. 126. Since then, Plaintiffs have taken no action to pursue any claims against Bank Saderat, such as by seeking to convert that certificate of default into a final judgment.

On March 26, 2020, Plaintiffs informed the Court in a letter that they were "contemplating filing a motion pursuant to Fed. R. Civ. P. 54(b) for final judgment as to the dismissed defendants" and that they "intend to apply for default judgment against Bank Saderat."  ECF No. 229.  After waiting two more months, Plaintiffs filed the instant motion on May 28, 2020.  ECF No. 232.

---

[4]     Plaintiffs have suggested that they may seek discovery from the Dismissed Defendants in the course of seeking a default judgment against Bank Saderat.  *See* ECF No. 233 ("Pls. Br.") at 9.

**ARGUMENT**

**I.     The Court Should Deny Plaintiffs' Request To Certify the Order as a Partial Final Judgment Pursuant to Rule 54(b).**

"Respect for the 'historic federal policy against piecemeal appeals' requires that a Rule 54(b) certification not be granted routinely." *Citizens Accord, Inc.* v. *Rochester*, 235 F.3d 126, 128 (2d Cir. 2000) (quoting *Curtiss-Wright Corp.* v. *Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). Accordingly, entry of a partial final judgment under Rule 54(b) is an extraordinary remedy that "should only be entered in the unusual case where injustice would result to the parties if an appeal were delayed," and the district court should exercise its discretion under Rule 54(b) "sparingly." *Shrader* v. *Granninger*, 870 F.2d 874, 878 (2d Cir. 1989).

To obtain a partial final judgment under Rule 54(b), Plaintiffs must satisfy three independent prerequisites, and "[e]ven if these conditions are met, discretion to order Rule 54(b) certification remains with the district court." *Grand River Enters. Six Nations, Ltd.* v. *Pryor*, 2004 WL 2480433, at *1 (S.D.N.Y. Nov. 3, 2004); *see also Curtiss-Wright*, 446 U.S. at 8 ("Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. . . . It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal.").

*First*, "multiple *claims* or multiple *parties* must be present." *In re Air Crash at Belle Harbor, New York on Nov. 12, 2001*, 490 F.3d 99, 108-09 (2d Cir. 2007) (emphasis in original) (quoting *Ginett* v. *Comput. Task Grp., Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992)). As the Second Circuit has explained, "[w]here the complaint is dismissed as to one defendant but not others, the court should not, as a general matter, direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants."

*Hogan* v. *Consol. Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992).  Similarly, "for Rule 54(b)

purposes whether multiple claims are present turns on whether the issues are 'separate and

distinct.'  Only '[w]hen the certified claims are based upon factual and legal questions that are

distinct from those questions remaining before the trial court' may the certified claims 'be

considered separate claims under Rule 54(b).'"  *Acumen Re Mgmt. Corp.* v. *Gen. Sec. Nat. Ins.*

*Co.*, 769 F.3d 135, 141 (2d Cir. 2014) (internal citations omitted) (quoting *Hudson River Sloop*

*Clearwater, Inc.* v. *Dep't of Navy*, 891 F.2d 414, 418 (2d Cir. 1989)).

       *Second*, "at least one claim, or the rights and liabilities of at least one party, must be finally

decided within the meaning of 28 U.S.C. § 1291."  *In re Air Crash*, 490 F.3d at 108-09 (quoting

*Ginett*, 962 F.2d at 1091).  The Dismissed Defendants do not dispute that the Order is a final

decision as to the Dismissed Defendants.

       *Third*, only if the Court "ha[s] found finality," must it "go on to determine whether there

is any just reason for delay."  *Curtiss-Wright*, 446 U.S. at 8.  "[I]n deciding whether there are no

just reasons to delay the appeal of individual final judgments . . . a district court must take into

account judicial administrative interests as well as the equities involved."  *Id.*  "[C]ertification

under Rule 54(b) should be granted only if there are interests of sound judicial administration and

efficiency to be served or, in the infrequent harsh case, where there exists some danger of hardship

or injustice through delay which would be alleviated by immediate appeal."  *In re World Trade*

*Ctr. Lower Manhattan Disaster Site Litig.*, 2015 WL 13680366, at *1 (S.D.N.Y. Feb. 23, 2015)

(quoting *Harriscom Svenska AB* v. *Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)).

       As explained below, Plaintiffs have failed to show that the claims against the Dismissed

Defendants are separable from the remaining claims against Bank Saderat or that there is no just

reason for delay—under either the "judicial administration and efficiency" or the "hardship or injustice" standard.  These are independently sufficient reasons to deny Plaintiffs' motion.

A.      **The Dismissed Claims Are Not Separable from the Remaining Claims.**

Plaintiffs argue that the Court should certify the Order as a partial final judgment because this case involves multiple claims and multiple parties.  Pls. Br. at 5.  But this misses the point: "Only '[w]hen the certified claims are based upon factual and legal questions that are distinct from those questions remaining before the trial court' may the certified claims 'be considered separate claims under Rule 54(b).'"  *Acumen*, 769 F.3d at 141.  That is not the case here.

Among the claims that this Court dismissed as against the Dismissed Defendants were Plaintiffs' First, Fifth, and Seventh Claims for Relief, which named *all* Defendants, including Bank Saderat.  ECF No. 1 ¶¶ 2408-40, 2466-82, 2495-2512.  Although the Clerk entered a certificate of default against Bank Saderat more than two years ago based on Bank Saderat's failure to respond to the complaint, ECF No. 126, before entering a default judgment this Court "must determine whether the allegations in [the] complaint establish [Bank Saderat's] liability as a matter of law." *Gesualdi* v. *Quadrozzi Equip. Leasing Corp.*, 629 F. App'x 111, 113 (2d Cir. 2015).  Thus, the task that remains for the Court is to determine whether the complaint adequately states any claim against Bank Saderat, including the three that the Court found deficient as to the Dismissed Defendants.

Because the questions remaining before the Court with respect to Bank Saderat arise out of the same general nucleus of operative facts (as plaintiffs themselves alleged in the complaint) and involve the same legal framework that the Court addressed with respect to the Dismissed Defendants, the claims addressed in the Order are not separable from the remaining claims against Bank Saderat.  *See In re Bayou Hedge Fund Litig.*, 2007 WL 2363622, at *5 (S.D.N.Y. Aug. 16. 2007) ("[T]he fact that plaintiffs plead this cause of action against all twenty-eight defendants only

supports this court's conclusion that the claim against [the dismissed defendant] is inseparable from similar claims against the remaining defendants.").  Indeed, as noted above, Judge Chen dismissed the claims against Bank Saderat in *Freeman* along with the claims against all the other bank defendants.  *See Freeman*, 413 F. Supp. 3d at 80 n.18, 99; *see also* Oct. 28, 2019 Minute Order (denying plaintiffs' motion for partial reconsideration notwithstanding Bank Saderat's failure to oppose the motion).  To be clear, Bank Saderat and the Dismissed Defendants are not alleged to have engaged in the same conduct; the complaint alleges that Bank Saderat participated in transfers of funds to Hezbollah, Compl. ¶ 925, whereas it "proffers no nonconclusory allegation that the funds processed by [the Dismissed] Defendants for various Iranian banks, airlines, shipping and oil companies were in fact transferred to the terrorist groups that perpetrated the attacks." Order at 10.  But *Plaintiffs* have attempted to equate the Dismissed Defendants' conduct and that of Bank Saderat, even grouping them together in the same claims and alleging that they all were part of a supposed conspiracy.

Given that the claims against the Dismissed Defendants are not separable from the remaining claims against Bank Saderat, the Court may deny Plaintiffs' motion on this ground alone and need not proceed to determine whether there is no just reason for delay.  *See Arar* v. *Ashcroft*, 2006 WL 1875375, at *1 (E.D.N.Y. July 5, 2006) (courts must consider whether there is no just reason for delay only "[o]nce the prerequisites of separability and final adjudication of the potentially certifiable claim have been met"); *see also Mason Tenders Dist. Council Welfare Fund* v. *Spray Force Sys. Inc.*, 2018 WL 3407701, at *3 (S.D.N.Y. June 25, 2018) (court considers whether there is no just reason for delay only "[a]fter a district court concludes that finality has been established").  But, as explained below, the Court should deny the motion for that reason too.

**B.      There Is No Good Reason To Enter a Partial Final Judgment.**

To satisfy the "no just reason for delay" requirement, entry of a partial final judgment must

"either . . . serve judicial administration and efficiency *or* [there must be] some danger of unusual

hardship or injustice through delay."  *New York ex rel. Khurana* v. *Spherion Corp.*, 2018 WL

3046514, at *3 (S.D.N.Y. June 20, 2018) (emphasis in original).  "In other words, to prevail on a

Rule 54(b) certification motion, the moving party must satisfy one of these two prongs."  *In re*

*Gentiva Sec. Litig.*, 2 F. Supp. 3d 384, 387 (E.D.N.Y. 2014).  Plaintiffs have not satisfied either.

**1.      Entering Judgment Now on the Claims Against the
Dismissed Defendants Would Not Enhance Judicial
Administration or Efficiency.**

The essential purpose of Rule 54(b) is to enhance judicial administration and efficiency,

and consideration of this factor "is necessary to assure that application of the Rule effectively

'preserves the historic federal policy against piecemeal appeals.'"  *Curtiss-Wright*, 446 U.S. at 8

(quoting *Sears, Roebuck & Co.* v. *Mackey*, 351 U.S. 427, 438 (1956)); *see also Ginett*, 962 F.2d

at 1095 ("The proper guiding star, as the Supreme Court has emphasized, is 'the interest of sound

judicial administration.'" (quoting *Curtiss-Wright*, 446 U.S. at 8)).   In deciding whether an

immediate appeal would serve the ends of judicial administration and efficiency, courts consider

"whether the nature of the claims already determined [i]s such that no appellate court would have

to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*,

446 U.S. at 8. Here, considerations of judicial administration and efficiency weigh heavily in favor

of denying Plaintiffs' motion.

**a.      Certifying the Order Will Lead to Duplicative Appeals.**

Entering partial final judgment on Plaintiffs' claims against the Dismissed Defendants

would waste judicial resources because it could lead to this case being appealed in a piecemeal

manner—indeed, there is substantial probability of that result.  *See TADCO Const. Grp. Corp.* v.

*Dormitory Auth. of New York*, 2012 WL 3011735, at *6 (E.D.N.Y. July 23, 2012) ("Rule 54(b)'s primary concern is the conservation of the appellate court's resources in avoiding multiple appeals." (quoting *Gidatex, S.r.L.* v. *Campaniello Imports, Ltd.*, 73 F. Supp. 2d 345, 348 (S.D.N.Y. 1999))). As noted above, to enter a default judgment against Bank Saderat, the Court will have to consider whether Plaintiffs' First, Fifth, and Seventh Claims for Relief "establish [Bank Saderat's] liability as a matter of law." *Gesualdi*, 629 F. App'x at 113. Should the Court find that Plaintiffs' allegations are insufficient to state a claim against Bank Saderat, as Judge Chen held in *Freeman*, Plaintiffs could appeal that decision. *See Bonaparte* v. *Polishuk*, 2007 WL 632543, at *1 (E.D.N.Y. Feb. 26, 2007) (denying 54(b) motion because "[e]ven if the default can be taken as an assurance that those defendants will not appeal, an appeal by plaintiffs themselves from an adverse result in an inquest as to damages might duplicate an appeal by nondefaulting defendants"). That appeal would concern the same counts, based on the same complaint, as an immediate appeal from the Order dismissing the claims against the Dismissed Defendants. *See United Bank of Kuwait PLC* v. *Enventure Energy Enhanced Oil Recovery Assocs.-Charco Redondo Butane*, 763 F. Supp. 729, 731 (S.D.N.Y. 1990) ("The just reasons for delay test precludes entry of final judgment if the adjudicated separable claim would require an appellate court to make duplicative findings when the remaining claims are subsequently appealed.").[5]

---

[5]     Plaintiffs assert that the Court should grant their motion because "[i]f this Court does not afford them the opportunity to appeal by means of a Rule 54(b) order, Plaintiffs will have no other path toward final resolution of their claims." Pls. Br. at 8. That is incorrect. The only reason Plaintiffs are required to seek the Court's permission to appeal now is that they have not pursued a default judgment against Bank Saderat, something they could have done at any time during the past two years. If they finally decide to do so now—and either succeed or fail—then they will have a very "clear path toward final resolution of their claims": an appeal as of right from a final judgment as to all claims and parties. Relatedly, the fact that "Plaintiffs have no alternative mechanism for appeal at this juncture," *id.*, is not a reason to enter a partial final judgment under Rule 54(b). As noted above, there is no right to an immediate, piecemeal appeal. *See, e.g.*, *Curtiss-Wright*, 446 U.S. at 8.

Further, entering partial final judgment based on the current record would be inefficient because the same issues are currently before the Second Circuit in the fully briefed *Freeman* appeal, including the claims against Bank Saderat.  As Plaintiffs have told this Court, their complaint "contains the same substantive allegations as the *Freeman* complaint," and *Freeman* "is pertinent and indeed highly relevant to the case at bar."  ECF No. 151 at 4, 7; *see also* Pls. Br. at 13-14.  The *Freeman* appeal is based on very similar factual allegations and addresses both of Plaintiffs' theories of secondary liability under JASTA—conspiracy liability and aiding and abetting liability.  *See* ECF No. 61 at 32-61 in *Freeman*, No. 19-3970 (2d Cir.) (Brief of Plaintiffs-Appellants); ECF No. 136 at 5-28 in *Freeman*, No. 19-3970 (2d Cir.) (Reply Brief of Plaintiffs-Appellants).  Like this case, the plaintiffs in *Freeman* allege that certain bank defendants, including many of the same Dismissed Defendants here, engaged in financial transactions with certain Iranian entities, which purportedly helped those Iranian entities fund acts of terrorism that injured Americans.  ECF No. 115 ¶¶ 6-9 in *Freeman*, No. 14-06601 (E.D.N.Y.).

Plaintiffs claim that issues involving JASTA aiding and abetting liability are absent from the *Freeman* appeal.  Pls. Br. at 14-15.  That issue is subject to dispute.  *See* ECF No. 61 at 55-61 in *Freeman*, No. 19-3970 (2d Cir.) (Brief of Plaintiffs-Appellants); ECF No. 108 at 45-56 in *Freeman*, No. 19-3970 (2d Cir.) (Brief of Defendants-Appellees); ECF No. 136 at 20-28 in *Freeman*, No. 19-3970 (2d Cir.) (Reply Brief of Plaintiffs-Appellants).  The *Freeman* plaintiffs-appellants have argued that the allegations in the *Freeman* complaint underlying "their material support claims . . . [also] support[] . . . aiding and abetting liability under § 2333(d)(2)."  ECF No. 61 at 55 in *Freeman*, No. 19-3970 (2d Cir.).  While the defendants-appellees in *Freeman* disagree, it remains possible that the Second Circuit will address aiding and abetting liability.

Because the fully briefed *Freeman* appeal concerns substantially similar legal theories, allegations and claims, and will likely be heard before the briefing of any appeal here is even completed, the interests of judicial administration and efficiency strongly favor denying Plaintiffs' motion.  *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2015 WL 10793131, at *2 (S.D.N.Y. Aug. 13, 2015) (denying Rule 54(b) motion where appeal in related case had already been briefed because the Second Circuit would "have to accept supplemental briefing in the present appeal (perhaps delaying oral argument even further) or would have to accept separate briefing and argument on a tandem case"); *see also Negrete* v. *Citibank, N.A.*, 2017 WL 2963494, at *2 (S.D.N.Y. July 11, 2017) ("Judiciary administration and efficiency [are] not advanced by granting 'piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case in successive appeals.'" (quoting *Novick* v. *AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011))).

Far from granting permission for an immediate appeal, district courts in this Circuit regularly stay cases (even outside of the Rule 54(b) context) where, as here, there is a pending appeal involving the same issues.  *See, e.g.*, *Estate of Heiser* v. *Deutsche Bank Tr. Co. Ams.*, 2012 WL 2865485, at *5 (S.D.N.Y. July 10, 2012) (because "Second Circuit will likely be ruling on legal issues potentially dispositive in this case, it is in the best interest of this court to await the decision . . . .  Failure to do so could well lead to unnecessary litigation that is time-consuming for this court"), *aff'd*, 2012 WL 5039065 (S.D.N.Y. Oct. 17, 2012); *Fogarazzo* v. *Lehman Bros., Inc.*, 263 F.R.D. 90, 95 (S.D.N.Y. 2009) (noting that case was stayed pending outcome of Second Circuit decision on relevant legal issues in another matter).  This is true even where the issues are not identical or co-extensive, but where the issues in the case on appeal overlap with or would simplify the issues in the case before the district court.  Merely "significant," rather than complete,

legal and factual overlap with a pending appeal "is a solid ground upon which to issue a stay." *Fried* v. *Lehman Bros. Real Estate Assocs. III, L.P.*, 2012 WL 252139, at *5 (S.D.N.Y. Jan. 25, 2012) (stay granted where "Second Circuit ruling . . . may very well have bearing on" district court analysis because the lawsuits "arise from the same set of transactions and events" with "similar" claims that "target the same transgressions and injuries" (citation omitted)); *accord In re Literary Works in Elec. Databases Copyright Litig.*, 2001 WL 204212, at *3 (S.D.N.Y. Mar. 1, 2001) (stay appropriate although "pending U.S. Supreme Court decision . . . may not settle every question of fact and law . . . [because] in all likelihood it will settle many and simplify them all" (internal citations and quotations omitted)).

Moreover, granting Plaintiffs' motion would require the parties, including the Dismissed Defendants that are currently litigating the *Freeman* appeal, to engage in duplicative briefing. Given the advanced stage of the *Freeman* appeal, it would be inefficient to require the parties to brief an appeal of this case now when they will later have to address the impact of the *Freeman* decision on such an appeal, or even more inefficient, have this case remanded without the Second Circuit deciding the issues on appeal. Because the Second Circuit's decision in *Freeman* will provide guidance for this case and for any appeal Plaintiffs may take, there is no reason to require the parties to go through the expense and effort of briefing an appeal, or require a second panel of the Second Circuit to consider the same issues.

Plaintiffs argue that appealing their case now "will almost certainly limit the number of future appeals" because the Second Circuit's decision could "provide the parties with a clear and entirely applicable set of standards to evaluate the likelihood of success on the similar claims at issue in" *O'Sullivan* v. *Deutsche Bank AG*, No. 18-cv-08709 (S.D.N.Y.) ("*O'Sullivan II*"). Pls. Br. at 10. But the same is true of the Second Circuit's decision in *Freeman*, which could provide

a set of standards applicable both to the claims in this case and in *O'Sullivan II*.  There is no reason to send two appeals of substantially the same issues to the Second Circuit when one will likely address most, if not all, of those issues.

Plaintiffs also argue that if the Second Circuit reinstates their claims, this case could be consolidated with the related *O'Sullivan II* case, which is currently stayed.  Pls. Br. at 11.  However, any minor efficiencies that one may perceive from the potential to consolidate this case with *O'Sullivan II* cannot override the fact that granting Plaintiffs' motion *will* lead to duplicative appeals.[6]  *See Gidatex*, 73 F. Supp. 2d at 348 ("While the Court appreciates [defendant's] concern for the judicial resources of the district court in attempting to avoid two trials, Rule 54(b)'s primary concern is the conservation of the appellate court's resources in avoiding multiple appeals.").  If Plaintiffs wished to treat the remaining claims in this case like those in *O'Sullivan II*, then proceedings in this Court should be stayed here too pending any appeal.  But that is not what Plaintiffs seek to do.

> b.    Plaintiffs' Claims Are Not Novel or of Great Public Importance.

Plaintiffs argue that the Court should certify the Order because it presents "novel issues of law" that "are of great public importance."  Pls. Br. at 13.  Plaintiffs' argument is based on a single case:  *Hudson River Sloop Clearwater, Inc.* v. *Dept. of Navy*, 891 F.2d 414 (2d Cir. 1989).  There, plaintiffs sought an injunction preventing the Navy from deploying nuclear weapons on ships stationed in New York Harbor.  In affirming the district court's decision to certify its order granting the Navy's motion for partial summary judgment, the Second Circuit stated that the issues presented were unique and of public import because "[t]he very threat that appellants seek to enjoin

---

[6]    Indeed, the fact that Plaintiffs have already divided their claims into two cases—with the *same plaintiffs* asserting the *same claims* arising out of the *same acts* against many of the *same defendants* in both *O'Sullivan* and *O'Sullivan II*—hardly argues for further piecemeal litigation.

through litigating the certified claims—the threat of the alleged presence of nuclear weapons in New York Harbor—could become a reality in the time it takes to try the remaining claims in the district court." *Id.* at 419.  Attempting to prevent the potential imminent danger to millions of people posed by the presence of nuclear weapons in New York Harbor bears no relation to the relief that Plaintiffs are seeking here—monetary damages from private entities.  *See Arar*, 2006 WL 1875375, at *1-2 (refusing to certify order dismissing claims relating to "plaintiff's removal to Syria and alleged torture abroad" because although the case was "undoubtedly of general interest to the public at large, it affects the immediate interests of the plaintiff in particular" so "it is distinguishable from [*Hudson River*], which involved . . . imminent actions that had the capacity to directly impact large swaths of the public").  To be clear, the Dismissed Defendants deplore terrorism and recognize that the terrorist attacks involved here had tragic consequences.  Under the relevant precedent, however, the unquestionable importance to these Plaintiffs and their families of obtaining redress from those responsible for the attacks does not satisfy the standard for entry of partial final judgment under Rule 54(b).

In addition, the issues in this litigation are no longer novel.  The Second Circuit has previously addressed similar theories of liability under the ATA and JASTA on numerous occasions, and the pending *Freeman* appeal raises overlapping issues.  *See Siegel* v. *HSBC N. Am. Holdings, Inc.*, 933 F.3d 217, 223-26 (2d Cir. 2019); *Linde* v. *Arab Bank, PLC*, 882 F.3d 314, 329-31 (2d Cir. 2018); *Rothstein* v. *UBS AG*, 708 F.3d 82, 93-98 (2d Cir. 2013); *O'Neill* v. *Al Rajhi Bank (In re Terrorist Attacks on Sept. 11, 2001)*, 714 F.3d 118, 123-25 (2d Cir. 2013).  Moreover, beyond *Freeman*, there are several other appeals pending before the Second Circuit that address primary and secondary liability under the ATA and JASTA (including aiding and abetting).  *See, e.g.*, *Weiss* v. *Nat'l Westminster Bank, plc*, Nos. 19-863, 19-1159 (2d Cir.) (argued May 14, 2020);

*Strauss* v. *Credit Lyonnais, S.A.*, Nos. 19-865, 19-1285 (2d Cir.) (argued May 14, 2020); *Zapata*

v. *HSBC Holdings plc*, No. 19-3355 (2d Cir.) (fully briefed as of June 4, 2020); *Licci* v. *Am Express*

*Bank Ltd.*, No. 19-3522 (2d Cir.) (opening brief filed February 27, 2020); *Honickman* v. *Blom*

*Bank SAL*, No. 20-575 (2d Cir.) (opening brief filed May 28, 2020).

In sum, considerations of judicial administration and efficiency do not support granting

Plaintiffs' motion.  Rather, they counsel strongly in favor of waiting for Plaintiffs to resolve their

claims against Bank Saderat or for the parties to have an opportunity to brief the effect on this case

of the decision in the *Freeman* appeal.

### 2.     There Is No Danger of Hardship or Injustice That Supports an Immediate Appeal.

Where an immediate appeal of a partial decision would not enhance judicial administration

or efficiency, as is the case here, certification under Rule 54(b) is only appropriate "in the

infrequent harsh case, where there exists some danger of hardship or injustice through delay which

would be alleviated by immediate appeal."  *In re World Trade Ctr.*, 2015 WL 13680366, at *1.[7]

"A 'harsh case' has been defined as one where the party seeking leave to appeal has suffered or

will suffer great financial loss if forced to comply with the normal appellate procedure."  *Litton*

*Indus., Inc.* v. *Lehman Bros. Kuhn Loeb Inc.*, 1989 WL 162315, at *9 (S.D.N.Y. Aug. 4, 1989);

*see also In re Blech Sec. Litig.*, 1997 WL 20833, at *3 (S.D.N.Y. Jan. 21, 1997) (denying 54(b)

---

[7]     Plaintiffs' reliance on *Hudson River* for the proposition that "*Curtiss-Wright* explicitly rejected the prior 'infrequently harsh' standard" is misplaced.  Pls. Br. at 8 (quoting *Hudson River*, 891 F.2d at 419).  The Supreme Court in *Curtiss-Wright* observed that "the phrase 'infrequent harsh case' *in isolation* is neither workable nor entirely reliable as a benchmark for appellate review."  *Curtiss-Wright*, 446 U.S. at 10 (emphasis added).  Interpreting that guidance, the Second Circuit has made clear that the appropriate definition for "the infrequent harsh case" is "where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."  *Adrian* v. *Yorktown*, 210 F. App'x 131, 132 (2d Cir. 2006).  This is not such a case.

motion where moving party failed to show "the sort of immediate hardship (such as pending default on loan agreements) that would warrant departure from the rule against piecemeal appeals"). None of the potential hardships or injustices that Plaintiffs proffer are sufficient to support entry of a partial final judgment under Rule 54(b).

> a.   Denying Plaintiffs' Motion Will Not Create the
>      Sort of Hardship That Rule 54(b) Is Intended To Prevent.

As an initial matter, to the extent that denying an immediate appeal in this matter would cause any cognizable hardship or injustice at all—and it would not, for the reasons explained below—it is the consequence of Plaintiffs' own strategic litigation decisions. The only thing preventing the Order from being a final judgment, and the sole reason that Plaintiffs are now seeking entry of a partial judgment under Rule 54(b), is that Plaintiffs failed to move for a default judgment against Bank Saderat in the two-plus years since the Clerk of the Court entered a certificate of default against Bank Saderat on May 17, 2018. ECF No. 126. Similarly, although the Order was issued on February 25, 2020, Plaintiffs waited three more months before filing the instant motion on May 28, 2020. Plaintiffs' own delays do not justify certifying the Order for appeal. *See Harman* v. *City of New York*, 1997 WL 76509, at *2 (S.D.N.Y. Feb. 24, 1997) (denying 54(b) request where movant's "own actions have made clear that it does not believe that time is of the essence," as shown by the fact that "it waited almost three months" to file its 54(b) motion).

Plaintiffs argue that certifying the Order would avoid "the substantial costs and uncertainty of being forced to monitor this litigation until an appeal finally ripens." Pls. Br. at 11. It is hard to take this argument seriously: The costs of "monitor[ing]" a quiescent litigation are trivial compared to the costs to all the parties and the courts of unnecessarily triggering an appeal that is largely duplicative of the *Freeman* appeal (and potentially a third appeal from a denial of a default

judgment against Bank Saderat).  In any event, plaintiffs' ordinary litigation expenses are not the

sort of financial burden that warrants entry of a partial final judgment under Rule 54(b), such as a

concern that a defendant may not be able to satisfy any monetary judgment the plaintiff may obtain

because the defendant is "in imminent financial peril."  *General Accident Ins. Co. of Am.* v. *J.K.*

*Chrysler Plymouth Corp.*, 139 F.R.D. 585, 588 (E.D.N.Y. 1991).

      Plaintiffs also argue that if their motion is not granted, their ability to prosecute their case

will diminish because "the reliability of evidence (including witnesses' memories) may degrade,

and witnesses will disappear or become unavailable."  Pls. Br. at 12.  Unsurprisingly, Plaintiffs

fail to cite a single case even suggesting that these types of considerations warrant immediate

certification of a partial final judgment for appeal; they do not.  *See RxUSA Wholesale, Inc.* v. *Steel*

*City Pharm., LLC*, 2009 WL 10702521, at *1 (E.D.N.Y. Mar. 30, 2009) ("convenience to

witnesses alone is certainly not a sufficiently compelling reason for certification").

          b.      Denying Plaintiffs' Motion Will Not Cause Injustice.

      Plaintiffs argue that considerations of "finality and fairness" counsel in favor of granting

their motion and allowing them immediately to appeal the Order.  Pls. Br. at 10.  In particular, they

argue that some of the Plaintiffs are Gold Star families and are entitled to an "expeditious[]"

appeal.  *Id.*  All parties are entitled to appropriately prompt and efficient resolution of their

disputes, but those interests are balanced against the proper administration of the judicial system.

Rule 54(b) strikes that balance by barring piecemeal appeals except in extraordinary cases.

Plaintiffs have cited no case suggesting that the desire of plaintiffs to have their claims decided

overrides those considerations.[8]

---

[8]      In the one case Plaintiffs cite, Pls. Br. at 10, *Presbyterian Church of Sudan* v. *Talisman
Energy, Inc.*, 2006 U.S. Dist. LEXIS 86609, at *2 (S.D.N.Y. Dec. 1, 2006), the parties *agreed* that
the decision granting summary judgment as to one defendant should be certified.

Plaintiffs also argue that "[d]ismissals based on failure to state a claim under Fed. R. Civ. P. 12(b)(6) are routinely certified for judgment under Rule 54(b) as being sufficiently final," Pls. Br. at 6, and that where a case is dismissed early in the proceedings "considerations of fairness to the dismissed parties weigh heavily in favor of early appeal," *id.* at 10. But the Second Circuit has expressly cautioned that entry of partial final judgment under Rule 54(b) should "not be granted routinely." *Citizens Accord*, 235 F.3d at 128. Moreover, Plaintiffs cited only a single case from this century, Pls. Br. at 6, 10-11, and seem to have overlooked more recent cases where district courts have refused to certify orders dismissing claims pursuant to Rule 12(b)(6) early in the litigation. *See, e.g.*, *Negrete*, 2017 WL 2963494, at *2-3; *Baumgarten* v. *Suffolk Cty.*, 2014 WL 4175793, at *2-4 (E.D.N.Y. Aug. 19, 2014).

More fundamentally, Plaintiffs ignore the unfairness to the Dismissed Defendants. As discussed, most of the Dismissed Defendants are currently litigating the *Freeman* appeal, which likely will address many, if not all, of the issues here. Requiring the Dismissed Defendants to participate in a second appeal now, and to incur the attendant costs of briefing and arguing both appeals, would be inequitable. This is especially so given that the Second Circuit's decision in the *Freeman* appeal will unquestionably have at least some impact on any appeal in this case.

## II.    If the Court Grants Plaintiffs' Motion, It Should Stay the Remainder of this Case in this Court.

If this Court is inclined to grant Plaintiffs' Rule 54(b) motion, the interests of the Court and the parties would be best served by staying any further proceedings in this Court (or at least further proceedings involving the Dismissed Defendants) pending resolution of Plaintiffs' proposed appeal to the Second Circuit. As previously indicated, *supra* at 3 n.4, Plaintiffs have suggested that they may seek discovery from the Dismissed Defendants in connection with seeking a default judgment against Bank Saderat. Should the Court eventually determine that such discovery is

necessary, the Dismissed Defendants should not be burdened with participating in discovery proceedings in the District Court while simultaneously litigating an appeal in the Second Circuit in the same case, especially given that this Court has not yet had occasion to decide whether any of the claims against Bank Saderat are even viable.

The factors this Court should consider in determining whether to issue a stay are:  "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  *Bakken Res., Inc.* v. *Edington*, 2018 WL 1353271, at *4 (S.D.N.Y. Mar. 15, 2018) (quoting *Catskill Mountains Chapter of Trout Unlimited, Inc.* v. *EPA*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009)).  In analyzing these factors, "the basic goal is to avoid prejudice."  *Id.* (quoting *Catskill*, 630 F. Supp. 2d at 304).  The first three factors are implicated here, and weigh strongly in favor of a stay.

*First*, there is plainly no urgency in obtaining a judgment against Bank Saderat, as Plaintiffs have waited two years to seek an entry of that default judgment.  ECF No. 126.[9]

*Second*, a stay would be appropriate because the outcome of an appeal here and the *Freeman* appeal will clarify the standards that Plaintiffs need to meet to obtain a judgment against Bank Saderat.  This Court has made clear that "[a] stay pending the outcome of litigation between the same parties involving the same or controlling issues is an acceptable means of avoiding

---

[9]      Indeed, in two similar cases marked related to *Freeman* in which Bank Saderat did not appear, Judge Chen issued a decision last week granting defendants' motions to dismiss but did not enter judgment in either case; instead, Judge Chen directed the plaintiffs in one of the actions, in which a certificate of default had not even been entered, to move for a certificate of default as to Bank Saderat within seven days.  ECF No. 81 at 2 n.4 in *Freeman* v. *HSBC Holdings plc*, No. 18-cv-7359 (E.D.N.Y. June 5, 2020) ("*Freeman II*"); ECF No. 44 at 2 n.4 in *Bowman* v. *HSBC Holdings plc*, No. 19-cv-2146 (E.D.N.Y. June 5, 2020).

unnecessary duplication of judicial machinery." *Finn* v. *Barney*, 2008 WL 5215699, at *3 (S.D.N.Y. Dec. 8, 2008) (Swain, J.) (quoting *ACF Indus., Inc.* v. *Guinn*, 384 F.2d 15, 19 (5th Cir. 1967)).  Indeed, this is true "even if such proceedings are not necessarily controlling of the action that is to be stayed." *Id.* (quoting *LaSala* v. *Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005)); *see also Catskill*, 630 F. Supp. 2d at 304-05 (granting stay pending Eleventh Circuit appeal).  Those interests weigh even more heavily where, as here, the intervening appeal would be binding precedent.  *Hoover* v. *HSBC Mortg. Corp. (USA)*, 2014 WL 12781322, at *2 (N.D.N.Y. July 9, 2014) (concluding that stay was appropriate pending resolution of Second Circuit appeal where decision would "guide this Court in ruling on one of the key issues in this litigation" (quoting *Goldstein* v. *Time Warner New York City Cable Grp.*, 3 F. Supp. 2d 423, 439 (S.D.N.Y. 1998))).

      *Third*, if in the unlikely event that Plaintiffs prevail in their appeal and claims against the Dismissed Defendants proceed to discovery, it would be more fair and efficient to conduct any discovery that ultimately may occur all at once.  As this Court recognized in *Finn*, "[p]ermitting [a plaintiff] to engage in discovery . . . which clearly 'arises out of the same nucleus of common facts' as [another] pending [] action . . . would prejudice[] [d]efendants through the imposition of premature and potentially duplicative discovery burdens."  2008 WL 5215699, at *3 (internal citations omitted) (citing *STT Global Tech., LLC* v. *Chapman*, 270 F. Supp. 2d 444, 455 (S.D.N.Y. 2003)).

      Accordingly, if this Court grants Plaintiffs' Rule 54(b) motion, a stay would be warranted because it will promote the judicial interests of economy and consistency without prejudicing any party.

**CONCLUSION**

For the foregoing reasons, the Dismissed Defendants respectfully request that the Court deny Plaintiffs' motion for partial final judgment pursuant to Fed. R. Civ. P. 54(b).   In the alternative, if the Court grants Plaintiffs' motion, the Court should stay the remainder of this case in this Court until the resolution of Plaintiffs' appeal.

Dated:  June 11, 2020
          New York, New York

Pursuant to section 8.5(b) of the Electronic Case Filing Rules & Instructions for the United States District Court for the Southern District of New York, the use of conformed electronic signatures is with the consent of all signatories to this filing.


COVINGTON & BURLING LLP,                    MAYER BROWN LLP,

by                                          by
  */s/ John E. Hall*                          */s/ Mark G. Hanchet*

    John E. Hall                                Mark G. Hanchet
    Mark P. Gimbel                              Robert W. Hamburg
The New York Times Building                 1221 Avenue of the Americas
620 Eighth Avenue                           New York, NY 10020-1001
New York, New York 10018                    (212) 506-2500
(212) 841-1000                              mhanchet@mayerbrown.com
jhall@cov.com                               rhamburg@mayerbrown.com
mgimbel@cov.com

    David M. Zionts                         *Attorneys for Defendants HSBC Bank*
One CityCenter                              *USA, N.A., HSBC Holdings plc, HSBC*
850 Tenth Street NW                         *Bank plc, HSBC Bank Middle East*
Washington, DC 20001                        *Limited and HSBC North America*
(202) 662-6000                              *Holdings, Inc.*
dzionts@cov.com

*Attorneys for Defendant Deutsche*
*Bank AG*

- 22 -

CLEARY GOTTLIEB STEEN & HAMILTON LLP,

by

   */s/ Jonathan I. Blackman*

     Jonathan I. Blackman
     Carmine D. Boccuzzi, Jr.
     Alexis L. Collins
     Mark E. McDonald
     Katherine R. Lynch
One Liberty Plaza
New York, NY 10006
(212) 225-2000
jblackman@cgsh.com
cboccuzzi@cgsh.com
alcollins@cgsh.com
memcdonald@cgsh.com
kalynch@cgsh.com

*Attorneys for Defendants Commerzbank AG, Commerzbank AG New York Branch, and BNP Paribas, S.A.*

SULLIVAN & CROMWELL LLP,

by

   */s/ Michael T. Tomaino, Jr.*

     Michael T. Tomaino, Jr.
     Jeffrey T. Scott
     Jonathan M. Sedlak
125 Broad Street
New York, NY 10004
(212) 558-4000
tomainom@sullcrom.com
scottj@sullcrom.com
sedlakj@sullcrom.com

*Attorneys for Defendant Barclays Bank PLC*

SULLIVAN & CROMWELL LLP,

by

   */s/ Sharon L. Nelles*

     Sharon L. Nelles
     Andrew J. Finn
     Bradley P. Smith
125 Broad Street
New York, NY 10004
(212) 558-4000
nelless@sullcrom.com
finna@sullcrom.com
smithbr@sullcrom.com

*Attorneys for Defendant Standard Chartered Bank*

CLIFFORD CHANCE US LLP,

by

   */s/ Robert G. Houck*

     Robert G. Houck
31 West 52nd Street
New York, NY 10019-6131
(212) 878-8000
robert.houck@cliffordchance.com

*Attorneys for Defendant The Royal Bank of Scotland N.V., The Royal Bank of Scotland plc*

SULLIVAN & CROMWELL LLP,                MAYER BROWN LLP,

by                                       by

  */s/ Joseph E. Neuhaus*                           */s/ Marc R. Cohen*

      Joseph E. Neuhaus                              Marc R. Cohen
      Alexander J. Willscher                         Alex C. Lakatos
      Alexander N. Gross                       1999 K Street, N.W.
125 Broad Street                         Washington, DC 20006-1101
New York, NY 10004                       (202) 263-3000
(212) 558-4000                           mcohen@mayerbrown.com
neuhausj@sullcrom.com                    alakatos@mayerbrown.com
willschera@sullcrom.com
grossa@sullcrom.com

*Attorneys for Defendant Credit Suisse AG*

*Attorneys for Defendant Crédit Agricole
Corporate & Investment Bank*

- 24 -

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2020, I filed and therefore caused the foregoing document to be served via the CM/ECF system in the United States District Court for the Southern District of New York on all parties registered for CM/ECF in the above-captioned matter.

/s/ <i>Jonathan I. Blackman</i>
Jonathan I. Blackman
