

| | | | |
|---|---|---|---|
| KIMBERLY LAMBERT ADAMS | CHELSIE L. GREEN | CARISSA PHELPS *(LICENSED ONLY IN CALIFORNIA)* | LEFFERTS L. MABIE, JR. (1925-1996) |
| KATHRYN L. AVILA | JOSHUA R. HARRIS | A. RENEE PRESTON | D.L. MIDDLEBROOKS (1926-1997) |
| BRIAN H. BARR | MARTIN H. LEVIN | PAGE A. POERSCHKE *(LICENSED ONLY IN ALABAMA)* | DAVID H. LEVIN (1928-2002) |
| MICHAEL C. BIXBY | ROBERT M. LOEHR | | STANLEY B. LEVIN (1938-2009) |
| BRANDON L. BOGLE | STEPHEN A. LUONGO | MARK J. PROCTOR | FREDRIC G. LEVIN (1937-2021) |
| W. TROY BOUK | M. JUSTIN LUSKO | TROY A. RAFFERTY | LEO A. THOMAS (1972-2021) |
| WESLEY A. BOWDEN | NEIL E. McWILLIAMS, JR. | MATTHEW D. SCHULTZ | |
| VIRGINIA M. BUCHANAN | PETER J. MOUGEY | W. CAMERON STEPHENSON | RETIRED: |
| SARAH SHOEMAKE DOLES *(LICENSED ONLY IN MISSOURI AND ILLINOIS)* | DANIEL A. NIGH | THOMAS A. TAYLOR | M. ROBERT BLANCHARD |
| | TIMOTHY M. O'BRIEN | REBECCA K. TIMMONS | CLAY MITCHELL |
| LAURA S. DUNNING *(LICENSED ONLY IN ALABAMA)* | MIKE PAPANTONIO | CHRISTOPHER V. TISI *(LICENSED ONLY IN WASHINGTON, D.C. AND MARYLAND)* | OF COUNSEL: |
| | SARA T. PAPANTONIO | | WILLIAM F. CASH III |
| JAN K. DURRANI | CHRISTOPHER G. PAULOS | | C. ANDREW CHILDERS |
| JEFF R. GADDY | EMMIE J. PAULOS | BRETT VIGODSKY | ROSS M. GOODMAN |
| RACHAEL R. GILMER | MADELINE E. PENDLEY | SCOTT WARRICK | BEN W. GORDON, JR. |
| BRENTON J. GOODMAN | ALYSON M. PETRICK *(LICENSED ONLY IN MISSOURI)* | HILARY WOODS | LARUBY MAY |

**January 19, 2023**

<u>VIA CM/ECF</u>
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York, 10007-1312

**MEMORANDUM ENDORSED**

Re:   *O'Sullivan, et al. v. Deutsche Bank AG, et al.*, Case No. 1:17-cv-08709-LTS-GWG; and *O'Sullivan, et al. v. Deutsche Bank AG, et al.* (*O'Sullivan II*). Case No. 18-cv-12325-LTS-GWG

Dear Judge Gorenstein:

Pursuant to this Court's July 28, 2021 Memo Endorsement [ECF No. 249], the Parties respectfully submit this joint letter to update the Court now that the Second Circuit Court of Appeals has issued its decision in *Freeman v. HSBC Holdings PLC*, No. 19-3970 (2d Cir. Jan. 5, 2023).[1]  The Second Circuit issued its opinion on January 5, 2023, which affirmed the dismissal of the complaint in that case.  The Court of Appeals held that the plaintiffs there, who had not pursued their ATA primary liability claim on appeal, had failed to state a JASTA conspiracy claim, and that they had "forfeited their JASTA aiding-and-abetting claims by raising them for the first time in a motion for reconsideration."  *Freeman* at pp. 7, 38-41. Accordingly, the Second Circuit did not substantively address the claims for ATA/JASTA secondary liability for "aiding and abetting" in its *Freeman* opinion. *Id.*

In the instant case, Plaintiffs do allege claims for aiding and abetting that this Court has dismissed.  Because the Court of Appeals did not reach the merits of these claims in *Freeman*, the Parties did not receive the thorough guidance on those claims that would likely otherwise have been provided by the Second Circuit.

There is, however, another case now scheduled to be heard by the United States Supreme Court this term – *Twitter, Inc. v. Taamneh, et al.*, No. 21-1496 – in which the contours and pleading standards for aiding and abetting liability under the ATA/JASTA will be addressed. The *Twitter* case comes out of the Ninth Circuit and involves social media companies Twitter, FaceBook (n/k/a Meta), and Google, who allegedly aided and abetted the terrorist organization, ISIS, when that

---
[1] A copy of the Second Circuit opinion is attached hereto.

The Honorable Gabriel W. Gorenstein
Re:  *O'Sullivan, et al. v. Deutsche Bank AG, et al.*,
Case Nos. 1:17-cv-08709-LTS-GWG and 18-cv-12325-LTS-GWG
January 19, 2023
Page 2

terrorist organization used social media platforms to facilitate its terrorist enterprise. Specifically, the questions presented to the Supreme Court are:

1. Whether a defendant that provides generic, widely available services to all its numerous users and "regularly" works to detect and prevent terrorists from using those services "knowingly" provided substantial assistance under Section 2333 merely because it allegedly could have taken more "meaningful" or "aggressive" action to prevent such use.

2. Whether a defendant whose generic, widely available services were not used in connection with the specific "act of international terrorism" that injured the plaintiff may be liable for aiding and abetting under Section 2333.

*Twitter* is scheduled for argument on February 22, 2023 and can be expected to be decided by the end of the current Supreme Court Term in June.

Based on these issues now before the Supreme Court, it seems likely that the ruling in *Twitter* will provide guidance on the interpretation of ATA/JASTA's aiding and abetting liability and pleading standards.[2]  The Parties therefore respectfully suggest that a continuation of the current stay of proceedings in the present action for approximately six months (at the most) will foster judicial economy and efficiency.

Accordingly, the Parties jointly respectfully request that the stay in this case be continued and that the Parties be given until 30 days after the Supreme Court's decision in *Twitter* to provide the Court with another update.

Respectfully Submitted,

Christopher G. Paulos

cc: Hon. Laura Taylor Swain via ECF; All Counsel via ECF.

Enclosures: *Freeman v. HSBC Holdings PLC*, No. 19-3970 (2d Cir. Jan. 5, 2023).

---

[2] This would include guidance to Plaintiffs in pursuing their default against Bank Saderat.

The parties shall file an update on the status of this case within 14 days of the issuance of a decision by the Supreme Court in Twitter, Inc. v. Taamneh.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

January 20, 2023